FARMERS NATIONAL BANK OF MINNESOTA LAKE v. GEORGE SCHEIDT and Another.

SAME v. BENNETT GRAIN COMPANY and Others.[1]

April 25, 1913.

Nos. 18,013—(86, 87).

**Replevin — verdict sustained by evidence.**

Upon the review of the evidence in an action of replevin, it is *held:*

(1) That the evidence justified the finding of the jury that a certain note, material to the controversy, was included in a chattel mortgage of the property involved.

(2) That the plaintiff was entitled to the possession of the property.

1. Reported in 141 N. W. 103.

Two actions in the district court for Blue Earth county by the same plaintiff against different defendants to recover certain oats and wheat or the value thereof. The answers were general denials. The facts are stated in the opinion. The case was tried before Pfau, J., who denied defendants' motions for directed verdicts, and a jury which returned a verdict in favor of plaintiff for $129.52 in the Scheidt case and for $139.80 in the Bennett case. From the order denying the motions of defendants for judgments in their favor notwithstanding the verdicts or for a new trial, they appealed. Affirmed.

*C. O. Dailey,* for appellants.

*H. L. & J. W. Schmitt,* for respondent.

DIBELL, C.

Two actions in replevin, involving the same questions, by the same plaintiff against different defendants, were tried together. There were verdicts for the plaintiff in each case. The defendants appeal from orders denying their alternative motions for a new trial or for judgment notwithstanding the verdict.

1. On January 17, 1910, Thomas M. Keogan executed a chattel mortgage to the National Bank of Commerce of Mankato, purporting to secure two notes, one for $990.17, and one for $1,911.40. Whether the first note was in fact included in the mortgage when it was executed was a vital and closely contested issue. The issue was submitted to the jury fairly and without error. The evidence was such as to support a finding either way; and the verdict for the plaintiff, necessarily including a finding that the note was in the mortgage, is final.

2. The chattel mortgage purported to cover the mortgagor's one-half interest in the 1910 crop to be grown on a farm in Faribault county, together with certain grain then in the granary on the farm. Keogan's wife was the record owner of the farm. It was then under a lease for 1910, by the terms of which the tenant was to be furnished the seed grain, and was to give and get one-half of the crop. The year before Keogan made a like mortgage of the 1909 crop to the Mankato bank; and the grain in the 1910 mortgage was a part of the 1909 crop, kept by the mortgagee bank as seed grain for the 1910 crop, and it was so used. When the 1910 crop was threshed the tenant took one-half, and

the bank one-half; the bank leaving certain grain in the granary for the 1911 crop for possible need as seed grain for the tenant. This is the grain now in controversy. Keogan was all along making efforts, without success, to sell the farm. On August 10, 1910, he and his wife leased it to the same tenant, agreeing to furnish the seed grain. Late in the fall the farm was sold, and the deed was executed in December. After the sale Keogan had the seed grain, in the granary on the farm, sold to certain of the defendants. Keogan was in the exclusive control and management of the farm, arranged for the funds to pay taxes and mortgages, and controlled the disposition of the crops as he saw fit. He was as nearly the absolute representative of his wife as one could be. This is not said in criticism, for there was nothing wrong about it, but is a statement of fact as to his authority.

The controlling facts are against the defendants. Upon reviewing the evidence, we conclude that the Mankato bank was entitled to the seed grain left in the granary in 1910, which it took under its mortgage, and that a finding to the contrary should not be upheld. The Mankato bank's right passed to the plaintiff bank. Neither the plaintiff nor the defendants claim as innocent holders.

Errors were committed at the trial. Taking the view, as we do, that a finding against the plaintiff's right to possession could not be upheld, these errors do not bear upon the result.

All of appellants' assignments have been examined, and they do not call for further mention.

Orders affirmed.